E-Filed: **8/6/09**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Salvador Castaneda, ) | CASE NO. CV 07-2270-GHK |
| Petitioner, ) | |
| v. ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| Ben Curry, *et al.*, ) | |
| Respondents. ) | |

    This matter is before the Court on Petitioner Salvador Castaneda's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). On October 24, 2007, Petitioner filed the Petition asserting seven grounds for relief. On February 19, 2008, Respondent Ben Curry, Warden, ("Respondent") filed an Answer. Petitioner filed a Traverse on May 7, 2008. We have considered the papers filed in support of and opposition to this Petition, and deem this matter appropriate for resolution without oral argument. L.R. 78-230(h). As the Parties are familiar with the facts in this case, they will be repeated only as necessary. Accordingly, we rule as follows.

## I. Our Standard of Review Under AEDPA

Petitioner's case is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254. A federal district court shall not grant a petition for habeas corpus with respect to any claim that was adjudicated on the merits in State court unless the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## II. Discussion

### A. Ground 1: Prejudicial Extrinsic Evidence Exposed to Juror(s) Violated Fifth, Sixth, and Fourteenth Amendments

In Ground 1, Petitioner asserts the following two arguments: (1) the jury's exposure to his arrest photograph on the prosecutor's laptop computer violated his Sixth and Fourteenth Amendment rights; and (2) the trial court's failure to conduct an adequate inquiry into whether the jurors had been prejudiced by not questioning the individual jurors violated his Fifth and Fourteenth Amendment rights.

The California Court of Appeal decision rejecting this argument was not contrary to or an unreasonable application of clearly established federal law. First, Petitioner fails to rebut the trial court's factual findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). The trial court determined that only Jurors 6 and 12 could potentially have seen the photograph and that they could not have seen Petitioner's tattoo. (Lodged Doc. ("LD") 3 at 5.) Because Petitioner fails to cite to any evidence of juror exposure to extrinsic evidence, there is no Sixth Amendment violation. Second, Petitioner fails to establish that the trial court's hearing on the matter violated clearly established federal law. There is no clearly established federal law that requires a trial court to question individual jurors regarding exposure to extrinsic evidence. *See Sims v. Rowland*, 414 F.3d

1148, 1155 (9th Cir. 2005) (holding that *Smith v. Phillips*, 455 U.S. 209 (1982), does not "stand for the proposition that *any time* evidence of juror bias comes to light, due process requires the trial court to question the jurors alleged to have bias."). Moreover, the trial judge adequately investigated Petitioner's claim by questioning the prosecutor and positioning herself in the jury box to assess any prejudice. Third, even assuming the jurors were exposed to the photograph, Petitioner fails to demonstrate that the evidence had a "substantial and injurious effect or influence in determining the jury's verdict." *Sassounian v. Roe*, 230 F.3d 1097, 1108 (9th Cir. 2000) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). There was no prejudice given that amount of testimonial evidence against Petitioner. (*See* LD 3 at 10.)

  **B.**  **Ground 2: Ineffective Assistance of Appellate Counsel in Violation of Sixth Amendment**

  In Ground 2, Petitioner argues that his appellate counsel rendered ineffective assistance by failing to: (1) frame the prosecutorial misconduct claim as an ineffective assistance of trial counsel claim; and (2) raise the issue of the trial court's deficient examination of prejudice resulting from jury exposure to the arrest photograph.

  Petitioner fails to demonstrate prejudice from the alleged ineffectiveness of his appellate counsel. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). As to the failure to raise the ineffective assistance of trial counsel claim, Petitioner fails to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* While the Court of Appeal determined that Petitioner's trial counsel procedurally defaulted on the claim of prosecutorial misconduct, the court still reached the merits and rejected the claim. Thus, there was no prejudice. As to the failure to raise the claim of the trial court's deficient examination of the jury, Petitioner also fails to demonstrate prejudice. Petitioner fails to rebut the Court of Appeal's finding of harmless error even if there was juror exposure to the photograph.

### C. Ground 3: Ineffective Assistance of Trial Counsel in Violation of Sixth Amendment

In Ground 3, Petitioner argues that his trial counsel rendered ineffective assistance of counsel by failing to: (1) call three witnesses - (a) Maria Gonzalez, (b) the police officers who responded to the incident in Leana Mena's apartment on October 15, 2001, and (c) Mena's mother; (2) introduce a recorded phone conversation between Petitioner and Mena; and (3) timely object to the arrest photograph on the prosecutor's laptop computer.

Petitioner fails to demonstrate that his trial counsel rendered ineffective assistance on any of these grounds. As to counsel's failure to call Maria Gonzalez as a witness, Petitioner fails to demonstrate prejudice. First, Petitioner's proffer of what Gonzalez would have testified to at trial as to Mena is vague, especially in light of the trial court's discussion of Gonzalez's testimony. (*See* Rep. Tr. 48-49.) As such, it is not clear that Gonzalez could have testified as to this proffer at trial. Second, even assuming Gonzalez could have testified, there was no prejudice given the amount of testimony against Petitioner. Moreover, Petitioner's counsel raised the "set up" theory during his opening statement, his direct examination of Petitioner, and his cross-examination of Mena. As to counsel's failure to call the police officers and Mena's mother, Petitioner fails to show how this alleged impeachment evidence would undermine confidence in the verdict. *Strickland*, 466 U.S. at 694. First, Petitioner's own testimony, that he entered Mena's apartment on October 15, 2001 by punching and crawling through a window, casts considerable doubt on his theory that he resided with Mena. Moreover, the issue of whether he resided with Mena was not material to the underlying charge. Second, given that Mena and Steve Ramos both testified that Petitioner threatened to shoot them, whether the police officers may or may not have taken a formal police report would not help to impeach their testimony.

As to counsel's failure to introduce the recorded conversation between Petitioner and Mena, Petitioner fails to demonstrate deficient performance or prejudice. First, Petitioner's trial counsel performed reasonably in seeking to admit the tape of the conversation into evidence. *See Strickland*, 466 U.S. at 687. He presented reasonable arguments and, while he did not file a formal brief regarding the tape, the trial court explicitly stated that he did not need to. (Rep. Tr. 54.) Moreover, Petitioner's assertion that the trial court "admonished" his counsel has no basis in the record. Second, Petitioner fails to demonstrate any prejudice. The conversation did not support Petitioner's theory that Mena and Ramos set him up. Moreover, Petitioner's counsel was still able to address the contents of the conversation and the "set up" during trial.

As to counsel's failure to timely object to the arrest photograph, Petitioner fails to demonstrate prejudice. As discussed *supra*, in Ground 1, Petitioner fails to rebut the Court of Appeal's determination that any jury exposure to the photograph was harmless.

**D.     Ground 4: Right to Present a Complete Defense Denied by Exclusion of Evidence**

In Ground 4, Petitioner argues that the trial court violated his right to due process by inappropriately applying California Penal Code § 632(d) to exclude the tape recorded phone conversation between him and Mena.

Petitioner fails to demonstrate that the trial court's exclusion of the tape was "so fundamentally unfair as to violate due process." *Windhan v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998). First, a fair review of the conversation does not support Petitioner's theory that Mena and Ramos set him up. In the conversation, Mena's reference to a "set up" refers to a request by the District Attorney's investigator to either set up a meeting between Petitioner and Mena or between Petitioner and the investigator. (*See* Rep. Tr. 47.) Second, in any event, Petitioner's theory that Mena and Ramos set him up came out during trial notwithstanding the exclusion of the tape. Petitioner's trial counsel discussed the conversation between Mena and Petitioner during his opening statement, direct examination of Petitioner, and cross-examination of Mena.

5

### E. Grounds 5 and 7: Trial Court Used Facts Not Found True By a Jury Beyond a Reasonable Doubt to Increase Petitioner's Sentence Beyond the Statutory Maximum.

In Grounds 5 and 7, Petitioner argues that the trial court used factors not found true by a jury beyond a reasonable doubt to increase Petitioner's sentence beyond the statutory maximum in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The trial court sentenced Petitioner to the upper term for the offense itself and for the firearm enhancement under California's Determinate Sentencing Law. The trial court relied on the following aggravating factors: (1) Petitioner's "significant prior record of criminal convictions and juvenile adjudications; (2) Petitioner's juvenile probation status at the time he committed the offense; (3) the incident "involve[d] planning"; and (4) the offense involved "very dangerous and violent conduct." (LD 3 at 6.)

Petitioner has failed to show that the trial court's sentencing was contrary to or an unreasonable application of clearly established federal law. First, because the trial court properly relied on Petitioner's prior convictions to impose the upper term sentences, there was no *Apprendi* violation. *See Almendez-Torres v. United States*, 523 U.S. 224, 246–47 (1998); *Butler v. Curry*, 528 F.3d 624, 643 (9th Cir. 2008) ("[I]f at least one of the aggravating factors on which the judge relied in sentencing [the petitioner] was established in a manner consistent with the Sixth Amendment, [the petitioner's] sentence does not violate the Constitution."). The trial court properly relied on one of California's enumerated aggravating factors - the "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous." *See* Cal. R. Ct. 4.421(b)(2). Because the trial court properly relied on Petitioner's prior convictions and one aggravating factor is sufficient under California law, analysis of Petitioner's claim that the trial court mischaracterized his convictions as "violent" is unnecessary. *See Butler*, 528 F. 3d at 648. Moreover, Petitioner's citations to various sections of the California Penal Code are misguided since these provisions do not govern how the

aggravating factor - "violent conduct that indicates a serious danger to society" - is defined.  *See* Cal. R. Ct. 4.421(b)(1).

Second, the trial court's reliance on Petitioner's juvenile probation status was not contrary to or an unreasonable application of clearly established federal law.  California's sentencing law specifically lists a defendant's parole or probation status at the time of the crime as an aggravating factor.  Cal. R. Ct. 4.421(b)(4).  Moreover, the trial court could have reasonably determined that Petitioner's juvenile probation status fell under the prior conviction exception.  *See Kessee v. Mendoza-Powers*, 569 F.3d 1000, 1003 (9th Cir. 2009) (California state court's determination that probation status at the time of the offense fell under the prior conviction exception was not contrary to or an unreasonable application of clearly established federal law.)[1]  Even if the trial court's reliance on Petitioner's juvenile probation amounted to a constitutional violation, the court's reliance on it is harmless error.  *See Washington v. Recuenco*, 548 U.S. 212, 222 (2006).  The Court does not have "grave doubt" that the jury would not have found beyond a reasonable doubt that Petitioner was on juvenile probation at the time of the offense, especially given that Petitioner's trial counsel admitted this fact during sentencing.  *See Butler*, 528 F.3d at 648 (citing *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)); (Rep. Tr. 442-443.)

---

[1] We note that there is some tension between the Ninth Circuit's decision in *Kessee*, 569 F.3d at 1003, and its decision in *Butler*, 528 F.3d at 643.  However, for the purposes of AEDPA, the Supreme Court has not clearly established that a defendant's probationary status does not fall within the "prior conviction" exception under *Almendez-Torres*.

### F. Ground 6: State Courts Denied Petitioner's Right to a Full and Fair Hearing on His Claims Presented on Habeas Corpus.

In Ground 6, Petitioner argues that the state courts violated his procedural due process rights in reviewing his state habeas petitions.

Petitioner's argument is not cognizable on federal habeas review. *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) ("[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings."); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.")

## III. Conclusion

Accordingly, we **DENY** Petitioner's Petition for Writ of Habeas Corpus. No evidentiary hearing is necessary. *See* 28 U.S.C. § 2254(e)(2); *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

**IT IS SO ORDERED**.

DATED: August 6, 2009

_____
GEORGE H. KING
United States District Judge[2]

---

[2] United States District Judge for the Central District of California sitting by designation.